## ACKER POST, No. 21, GRAND ARMY OF THE REPUBLIC *vs.* HENRY L. CARVER and another.

### May 31, 1877.

**Documentary Evidence, not Forming Part of Case or Bill of Exceptions.**—Documents which are mentioned in a case or bill of exceptions, as having been introduced or offered, but which are not set out in it, nor attached to it, nor in any way referred to nor mentioned in it as a part of it, are no part of the case or bill, and, if returned to this court, will be struck out.

**Same—Rulings Based on such Evidence so Omitted cannot be Reviewed.**—If the correctness of a ruling of the court below depends upon documentary evidence introduced, this court cannot decide the ruling to be erroneous, unless such documentary evidence is part of the case or bill of exceptions.

**Same—Judge's Certificate not Conclusive, when Contrary Appears from Case Itself.** The judge's certificate to a case, that it contains all the proceedings and testimony offered, when the case itself shows that documentary evidence not contained in or made a part of it was introduced, must be deemed qualified by that fact.

Appeal by plaintiff from an order of the court of common pleas of Ramsey county, refusing a new trial after a trial before *Brill*, J., and a jury.

*Charles D. Kerr* and *Henry A. Castle*, for appellant.

*Bigelow, Flandrau & Clark*, for respondents.

GILFILLAN, C. J. In this case the statement of the case was agreed to by the stipulation of the respective parties, just as it was prepared by the appellant, and was signed by the judge of the court below, just as it was agreed to by the parties. The case mentions, as introduced or offered in evidence, various documents, but they were not set out in nor attached to it, nor in any way referred to nor mentioned in it as a part of it. Documents, such as are mentioned in the statement of the case, were included in the return, and were claimed by the appellant to be properly a part of the case. On respondents' motion, this court struck them from the return.

No document or instrument can be considered as properly belonging to a statement of the case or bill of exceptions, unless set out in it, or appearing, in some way, by the statement or bill, to have been intended to be a part of it. The action was brought by plaintiff as a corporation, to recover damages for breach of an alleged contract to lease to plaintiff, for a specific time, the Opera House, in St. Paul, upon which contract the plaintiff alleges it paid defendants, in advance, $25. The contract, and payment to defendants of the $25, are put in issue by the answer. On the trial the plaintiff introduced its articles of incorporation, and then offered to prove the contract. This was objected to on the specific ground that the corporation had no authority to make it, and the objection was sustained. The presumption is that the ruling was correct, and it is for the appellant to show it erroneous, and the only way that can be done is by the articles of incorporation. These are not before us, and the error is, therefore, not shown.

The appellant insists that the verdict of the jury, disal-

lowing its claim to recover the $25, was contrary to evidence. This sum was paid to a person who is claimed by plaintiff to have been defendants' agent. This agency is denied by defendants. The evidence is not all before us. It is true the certificate of the judge to the statement of the case states that the case contains " all the proceedings had, and testimony offered;" but this must be qualified by the fact that the case shows that a number of exhibits were introduced which the case does not contain. As appears from the certificate and the case, the latter contains all except the exhibits, which are not made part of it. As we have not before us all the evidence which the jury had, we cannot review their decision.

Order affirmed.