In the matter of the estate of RUSSELL POST, deceased.

June 23, 1885.

Appeal—Incomplete Return.—The judgment of a court cannot, upon appeal, be declared erroneous when the whole case upon which the judgment was founded, or all of the same which is material, does not appear to have been returned to the appellate court.

Appeal to District Court from Probate Court on Question of Law—Incomplete Record.—Upon appeal upon questions of law alone, from a judgment of a probate court, the appeal is to be determined upon the record of the proceedings in that court, including the evidence there produced, and not merely upon findings of fact which may have been declared by the probate court. Therefore the judgment is not to be deemed erroneous merely because not supported by the facts found.

Appeal by Louisa Post and another, executrices of said estate, from an order of the district court for Ramsey county, *Simons, J.*, presiding, affirming a judgment of the probate court.

*Warner, Stevens & Lawrence* and *H. V. Rutherford*, for appellants.
*McMillan & Beals*, for respondent.

DICKINSON, J.    Upon a final accounting of the executrices in probate court, judgment was rendered, from which the executrices appealed to the district court upon questions of law alone.    The district court affirmed the determination of the probate court, and this appeal is from that order of affirmance.    The point is here urged against the appellants, that all of the records and proceedings upon which the determination of the probate court was founded were not returned to the district court.    This seems to be true.    The certificate of the probate court to the return made by that court is, that the return is "a full and complete transcript of all the papers and proceedings, and of all the evidence, both oral and documentary, upon which said order so appealed from was founded."    No oral evidence is embraced in the return as it has come to this court.    In a stipulation made by the parties in the district court, it was recited that the return to that court was imperfect, and it was agreed that either party might introduce in the district court any papers from the records of the probate court.

Again, it is said that all of what was before the district court, and upon which its decision of the case upon appeal was based, has not been returned to this court. It does not appear in any manner that all of the record before the district court is embraced in the return upon which we are asked to review the decision of that court; nor that all of what is material to the matters in controversy has been returned. The certificate by which the return is authenticated is to the effect that the same is a true copy of the last will and testament, letters of administration, return from probate court, stipulation on appeal, order affirming judgment of probate court, notices of appeal, and bond on appeal, in the action therein entitled. It is claimed that in fact other records, not mentioned in this certificate, and not returned, were before the district court upon the hearing. In brief it does not appear, and we cannot assume, that we have before us all of the records and proceedings upon which the decisions of the probate and of the district courts, upon appeal, were founded, nor all that is material to the matter in controversy. We cannot, therefore, upon the consideration of a record, perhaps different from that upon which the decisions which we are asked to review were made, declare such decisions to have been erroneous. *Acker Post* v. *Carver*, 23 Minn. 567.

The appellants, however, claim that the conclusion and judgment of the probate court were not warranted by the "facts as found," and that error is therefore manifest. The judgment is in fact preceded by a statement or recital of facts "appearing to the court." We cannot sustain the appellants in this position. The statute (Gen. St. 1878, c. 49, §§ 16, 17) contemplates that upon an appeal upon questions of law alone, return shall be made to the district court of the record, proceedings, and evidence in the probate court upon which the order or judgment appealed from was founded, as well as of the order or judgment itself, and that the cause in the appellate court shall be heard and determined upon such return. It is not contemplated that an appeal shall be determined merely upon any recital or finding of facts which may have been expressed by the probate court. In the case under consideration, though it should be considered that, merely upon the facts as recited, the judgment could not be sustained, it is not to be concluded that the judgment is erroneous. Upon a

consideration of the whole case upon which the judgment was rendered, and upon which also it is to be reviewed, it might appear to be justified.

Without having considered the merits, the order appealed from is affirmed.