In the Matter of THEODORE REES, Insolvent.

39  401
42   20
43  395

## November 16, 1888.

**Judicial Notice of Prior Proceedings—Appeal.**—Upon an appeal from an order, error is not disclosed from the fact that the moving papers, upon which the order was made, do not contain averments of prior proceedings in the same cause, of which the court will take judicial notice.

**Insolvency—Fraudulent Concealment of Property—Evidence.**—Upon the examination of an insolvent debtor, under the statute, to determine whether creditors (alleging a fraudulent concealment of property) shall be allowed to share in the insolvent estate without filing releases, a dishonest disclosure by the debtor may justify a conclusion of fraud, although there is not direct evidence of it.

Appeal by Leopold Lowenstein, a creditor, from an order of the district court for Washington county, *McCluer,* J., presiding, denying his application for a distribution of the insolvent's estate among his creditors without the filing of releases, and ordering distribution upon the filing of the statutory releases.

*Rogers, Hadley & Selmes* and *Clapp & McCartney,* for appellant.

*S. Meyers,* for respondent.

DICKINSON, J. This is a proceeding under the insolvent law of 1881. The appellant, a creditor of the insolvent assignor, filed his petition, alleging, upon information and belief, the fraudulent concealment of money by the latter, and his failure to deliver the same to his assignee. An order was sought allowing creditors to share in the proceeds of the insolvent estate, without filing releases of their debts. This appeal is from an order refusing that application. The denial of this application is not to be sustained upon this appeal, upon the ground suggested in this court, that it does not appear that the petitioner was a creditor of the insolvent, or had filed his claim as such. The action and order of the court below was inconsistent with the theory that the relief sought was not properly invoked by this petitioner; and, as the court in which this insolvency proceeding was pending might take notice of its former action in the administration of this insolvent estate, it is to be assumed, no question ap-

pearing to have been raised, that the court was properly advised of the right of this appellant to thus proceed. The whole record in the insolvency proceeding is not brought before us.

After an examination of the insolvent upon this petition, the court, in connection with the order appealed from, expressed his dissatisfaction with the disclosure, saying that it "does not satisfy me that the debtor has turned over to his assignee all his property not exempt by law;" and, further, that when in such a case the insolvent comes up for examination, "if it devolves upon him to show that he has fairly turned over all his property for the benefit of his creditors, it is very clear that he has not done it in this case." However, because the court did not consider that the petitioning creditor had "affirmatively" established a case of fraud, and deeming the burden of proof to be upon the creditor, he denied the application, but, as he declared, against his own idea of justice. We have referred to some of the indications of the judgment of the court upon the question of fact, for the reason that we concur in what was evidently his impression, from the evidence, that the disclosure made by the insolvent, while it extended over the subject in question,—the property which the insolvent had prior to the assignment, and how it had been disposed of,—did not show a full surrender of his property to his assignee; and we are of the opinion that, from the evidence of the debtor, the court was at liberty to find fraud in the transactions in question. There is the less reason opposed to our overruling the conclusion of the court, from the fact that that conclusion was based upon legal considerations which we deem untenable, rather than upon a judgment as to the facts different from what we should deem properly deducible from the case presented. By these insolvency proceedings the debtor is seeking to secure a release from his debts by surrendering all of his property for the benefit of creditors. Whether he has entitled himself to this relief, by a full surrender of his property, can only be determined in many, and perhaps in most, cases, from an examination of the debtor himself, whose secret conduct is brought in question. Upon such a proceeding as that under consideration, the creditor and the court are entitled to a full and ingenuous disclosure of the facts relative to the disposition of the debtor's property. Self-interest

would prompt the debtor who had made a complete surrender, to make such a disclosure, and if, upon such an examination, the testimony of the debtor is evidently evasive, dishonest, and intentionally incomplete and misleading,—if he will not disclose whether or not he has surrendered all of his property,—the conclusion of fraudulent concealment is justified, as against him, although there be no direct proof of that fact. It can hardly be doubted that if, upon such an examination for the purpose of informing the court whether his surrender of property had been complete, so that he should be allowed the peculiar benefits of the law in the nature of a bankrupt's discharge, the debtor should refuse to make any disclosure, his very refusal would justify a conclusion of fraud and a denial to him of such benefits of the insolvency proceeding. It would seem that such would be the case none the less if, when required to disclose fully the facts, he presents what is deemed to be a false account of his conduct.

Respecting the insolvent's testimony in this proceeding, it is enough for our present purposes to say that, in our judgment, it would have justified the court in finding him chargeable with fraud, although it be deemed not to have directly shown that fact. The court considered, as we understand, that, because the fraud was not affirmatively and directly shown, he had no right to find upon this disclosure that the insolvent had been guilty of fraud. In this we think the court acted upon an erroneous conception of the law. The more important considerations affecting our judgment as to the conclusion deducible from the debtor's disclosure, we will refer to, without fully setting them forth in this opinion. They are: The change within the period of a few months from a condition of solvency to one of apparent bankruptcy, while still prosecuting his business, and disposing of goods in large quantities; a disappearance or shrinkage of property not satisfactorily accounted for, as the court below also considered; the discontinuance of his previous custom of doing his business through a bank, depositing there the proceeds of his sales, and, instead of that, retaining such moneys in his own hands, or, as is alleged, paying the same directly to creditors, concerning which payments his disclosure is not satisfactory; the alleged payment to various persons, none of whom can he name, of considerable sums of money,

which he declares they had deposited with him; the disappearance of all the books and papers which he had kept containing accounts or evidence of his business transactions; his alleged ignorance of what has become of them, and his apparent indifference upon the subject; his refusal, upon the advice of counsel, to allow a statement to be taken from the bank of his bank account. To these, with some other circumstances, should be added the generally unsatisfactory nature of his testimony, which is such as to justify distrust as to its truthfulness. The court having decided this application in favor of the insolvent, contrary to his own judgment as to the fact to be inferred from the testimony, and since, as we consider, the court was not bound by any legal principle to so decide, the order appealed from should be reversed, and the proceeding remanded for such rehearing and determination as may be advised.

Ordered accordingly.