## In the Matter of LEVI LYONS, Insolvent.

### November 6, 1889.

**Settled Case—Omission of Immaterial Exhibits.**—It is not necessary to include in a settled case copies of the exhibits introduced in evidence, when it clearly appears that such exhibits were not material for a proper determination of the controversy.

**Insolvency—Fraudulent Disposal of Property.**—Upon an examination and consideration of the testimony taken in a proceeding under Laws 1881, c. 148, § 10,—the insolvency act,—it is *held*, that the court below did not err in finding that the insolvent had not, prior to his assignment, fraudulently disposed of or concealed his property.

Appeal by John V. Farwell and others, creditors, from an order made by *Kerr*, J., in insolvency proceedings in the district court for Ramsey county, denying their application for a distribution of the assets of the insolvent among his creditors without the filing of releases, because of alleged fraudulent disposal and concealment of his property. The assignment was made June 20, 1888. On June 5, 1888, the insolvent made the following statement to appellants, as the result of an inventory taken January 15, 1888:

| | |
|---|---:|
| Stock on hand | $35,908 59 |
| Outstanding | 2,021 35 |
| | $37,929 94 |
| Bills payable | 17,215 34 |
| | $20,714 60 |

The property turned over to the assignee was inventoried at $12,-203.03. The debts amounted to $28,367.58. It appeared that in

the former inventory the stock was taken at cost prices, and in the latter at actual values.

*Howard L. Smith*, for appellants.

*H. L. Williams*, for respondent.

COLLINS, J.   The appellants, creditors of the insolvent assignor, charged him with having fraudulently conveyed and disposed of his property prior to the assignment, and applied for an order of the district court, as provided by Laws 1881, *c.* 148, § 10, permitting creditors to participate in the proceeds of the assigned estate without filing releases of their claims.   The testimony bearing upon the application was taken by a referee, duly returned, and upon a consideration thereof the court refused the order.

1. It is claimed by the respondent that, as all of the testimony taken and returned by the referee is not before us upon the appeal, the order in question must be affirmed.   Concededly several of the exhibits introduced in evidence (an inventory of stock on hand in January, 1888, cash and account-books kept by the insolvent, who was a retail merchant,) were omitted from the settled case, but none of them seem to have been used except by the insolvent, when testifying, to obtain dates, values, and amounts.   The result of his examination of the books and papers on these points clearly and concisely appeared in his testimony, rendering an examination by the court unnecessary.   These exhibits were not material to the insolvent, except as showing that he kept such books, in which might be found a daily record of his business,—all of which was admitted by the appellants.   The exhibits do not seem to have been material to the controversy, and the appellants were justified in omitting them from the record.   The cases cited—*Acker Post* v. *Carver*, 23 Minn. 567, and *In re Post*, 33 Minn. 478, (24 N. W. Rep. 184)—do not establish a different rule.

2. Counsel for appellants claim this transaction, as developed by the testimony, to be the same, practically, as that considered by this court in *Re Rees*, 39 Minn. 401, (40 N. W. Rep. 370.)   The salient features of that case, grouped together in the opinion, and mentioned as being quite sufficient to justify a declaration that the insolvent had perpetrated a fraud upon his creditors, need not be re-

peated here. It is enough for us to say that there is very little which is common in the two cases. Here the insolvent's methods of doing business, keeping his accounts, depositing his moneys in bank, and paying his bills by check, remained unaltered to the day of his failure. He kept full and accurate books of account,—at least, the accuracy of these books has not been assailed. These he duly turned over, with papers relating to his business, to his assignee. The cash receipts of his store seem to have been entered in his cash-book daily, and, as we are advised, all moneys therein entered were properly accounted for. None of his business transactions seem to have been concealed, and his testimony before the referee does not indicate ignorance or indifference. Some of the questions he declined to answer, upon the advice of counsel, at the same time expressing a wish to have them certified to the court for a ruling, and professing a readiness to answer should the court so direct. If answers to those questions were material, in the opinion of counsel, to a proper determination of his application, the insolvent pointed out the way by which they might be obtained. It is true that within a few months there was a change from an apparently flourishing condition, as indicated by an inventory of the stock in store and a statement of the insolvent's liabilities, to one of bankruptcy. There was a great shrinkage of property. The stock consisted of dry goods, furnishing goods, and fancy articles, some of which had been upon hand for several years. The inventory before mentioned was taken at cost price, while no attention was paid to the cost of the goods when they were inventoried immediately after the assignment. A very perceptible shrinkage in values might be anticipated for several reasons. While it seems very great in this instance, it has been, in part, explained to the satisfaction of the court below, and we are not prepared to say that, from a circumstance which may be said to stand alone against the insolvent, there was error in the order appealed from, and it is affirmed.