Veronica Nettersheim *vs*. Chicago, Milwaukee & St. Paul Ry. Co.

Argued June 5, 1894. Reversed June 22, 1894.

No. 8659.

**General verdict how controlled by Special.**
> In an action for causing death through negligently running a train of cars across a public street at a crossing, a special verdict that the person killed could by looking or listening before going upon the track, or so close thereto as to become injured, have seen or heard the approaching train, none of the surroundings appearing from the verdict, does not establish contributory negligence *per se*.

Appeal by plaintiff, Veronica Nettersheim, from a judgment of the District Court of Ramsey County, *John W. Willis*, J., entered September 28, 1893, against her for $161.61. costs.

After nightfall and in a storm of rain and sleet on December 31, 1890, Thomas Aschen was struck and killed by a west going engine of the defendant, the Chicago, Milwaukee & St. Paul Rail-

way Company, at the crossing of its railway over West Seventh Street in St. Paul. The plaintiff was appointed administratrix of his estate and brought this action under 1878 G. S. ch. 77, § 2 to recover $5,000 for the benefit of his widow and next of kin. On the trial the jury returned a general verdict for plaintiff and assessed the damages at $5,000. At the request of the defendant, the Judge also submitted to the jury eleven questions of fact stated in writing which, with the answers of the jury thereto, are as follows:

1. Was Aschen, before the accident, familiar with the West Seventh street railroad crossing, its railroad tracks and gates, and their customary use? Yes.

2. Was Aschen's death caused by his coming in contact with an engine or car of the defendant? Yes.

3. If you should answer the last question in the affirmative, then was he hit by an engine or a car? State which. Engine.

4. Were the gates down for the train that hit Aschen? Yes.

5. Was the bell ringing upon the train that hit Aschen? Yes.

6. Was Aschen, when he was hit, upon the West Seventh street crossing? Yes.

7. Was Aschen, when he was hit, walking upon or alongside the railroad tracks, between West Seventh street and Duke street? No.

8. Could Aschen, by looking or listening before going upon the track, or so close thereto as to become injured, have seen or heard the approaching train which hit him? Yes.

9. Was the Railway Company negligent? Yes.

10. Was Aschen negligent? No.

11. If you find that deceased was struck and injured upon the occasion in question, by a locomotive engine, state whether he was struck by the front or side of such engine? Front side.

On the pleadings, the general and special verdicts and all other papers and records in the case, the defendant, on notice, moved the Court for judgment in its favor, on the ground that the special verdict is inconsistent with the general verdict. 1878 G. S. ch. 66, § 237. The Court granted the application and judgment was entered accordingly. The plaintiff then, on notice, obtained from the Judge and filed a certificate stating what papers, files and rec-

ords were presented and considered on defendant's motion for judgment. To review this order she then appealed from the judgment.

*Kueffner, Fauntleroy & Searles,* for appellant.

The question is, whether there is, between the general verdict and the special findings of fact, any irreconcilable inconsistency, which subordinates the former to the latter. *Goltz* v. *Winona & St. P. R. Co.,* 22 Minn. 55.

This inconsistency must exclude every conclusion that will support the general verdict. *Indianapolis &c R. Co.* v. *Stout,* 53 Ind. 143; *Alhambra Add. Water Co.* v. *Richardson,* 72 Cal. 598; *Solomon R. Co.* v. *Jones,* 34 Kan. 443; *Ft. Wayne, Cincinnati &c. Ry. Co.* v. *Beyerle,* 110 Ind. 100; *Wabash Ry. Co.* v. *Savage,* 110 Ind. 156; *Baltimore & Ohio &c R. Co.* v. *Rowan,* 104 Ind. 88; *St. Louis & San Francisco Ry. Co.* v. *Shoemaker,* 38 Kan. 723; *Shoemaker* v. *St. Louis & San Francisco Ry. Co.,* 30 Kan. 359.

The 8th special finding cannot be regarded as other than a finding of fact, and the jury must have considered, that deceased had good reason for not hearing or seeing, or that the place where he could have seen or heard was such, or what he could have seen or heard at such place was of that character, to relieve him from contributory negligence. *Cincinnati, I. St. L. & C. R. Co.* v. *Grames,* 135 Ind. 44.

When a snow storm is prevailing at the time of an injury, it seems that the question of contributory negligence should be submitted to the jury. *Hackford* v. *New York Cent. & H. R. R. Co.,* 43 How. Pr. 222; 6 Lans. 381.

The mere fact that a person hears or sees a train, does not make it negligent as a matter of law to attempt a crossing. *Detroit & Milwaukee R. Co.* v. *Van Steinburg,* 17 Mich. 99.

So, also, where a person was deceived by appearances, and thought a train was leaving him. *Bronnell* v. *Delaware, L. & W. R. Co.,* 39 N. J. Law 189.

If there appears to be ample time to cross the track in view of an approaching street car, running at a high rate of speed, it is not negligence as a matter of law to undertake it. *Aaron* v. *Second Ave. R. Co.,* 2 Daly, 127; *Baxter* v. *Second Ave. R. Co.,* 30 How. Pr. 219.

If a traveller miscalculates his chances at a crossing, by reason of negligence of the company at the crossing, of which the traveler is ignorant—as excessive and unusual speed of the train—he is not guilty of contributory negligence.    *Richardson* v. *New York Cent. R. Co.,* 45 N. Y. 846; *Haas* v. *Chicago & N. W. Ry. Co.,* 41 Wis. 44.

Failure to look at the instant of attempting to cross a railroad track is not conclusive evidence of negligence.    *Plummer* v. *Eastern R. Co.,* 73 Me. 591; *Shaber* v. *St. Paul, M. & M. Ry. Co.,* 28 Minn. 103.

There is a presumption that deceased looked and listened, or adopted such line of conduct as reasonable care required, without affirmative proof thereof.    *Hendrickson* v. *Great Northern Ry. Co.,* 49 Minn. 245; *Weiss* v. *Pennsylvania R. Co.,* 79 Pa. St. 387; *Lehigh Valley R. Co.* v. *Hall,* 61 Pa. St. 361; *Indianapolis &c. R. Co.* v. *Stout,* 53 Ind. 143.

*W. H. Norris* and *F. W. Root,* for respondent.

There is no inconsistency between the several special findings themselves.    The finding that Aschen was not negligent is a mere conclusion of law, not sustained by the facts from which it is drawn, and such finding, as well as the general verdict, must yield to the other special findings.    When a question of negligence arises in a case, the jury cannot be allowed to say after finding certain special facts, that these facts do not constitute negligence, when in fact they manifestly do constitute negligence.    *Fick* v. *Chicago & N. W. R. Co.,* 68 Wis. 469; *Hogan* v. *Chicago, M. & St. P. R. Co.,* 56 Wis. 139; *Selleck* v. *Griswold,* 49 Wis. 39.

Taking the admissions of the pleadings and the special findings together, we have the following facts; West Seventh street is a much used street of the City of St. Paul.    It is crossed by the railroad tracks of the defendant, upon which run numerous trains of cars.    At the crossing the railway company has, for the security of travelers maintained gates, operated by raising or lowering, and at night, bearing signal lights.    The evening of the accident was somewhat dark and stormy.    Aschen was familiar with the crossing, its railroad tracks and gates, and their customary use.    He had the right to rely and did rely upon the gates for warning.    He was

struck by the front side of an engine upon the crossing and was killed. The gates were down, and the bell upon the engine was ringing. He could, by looking or listening, before going upon the track, or going so close thereto as to be injured, have seen or heard the approaching train which hit him. These being the facts, the law forces us to one of two conclusions; either that he saw that the gates were down, knew that they were down for a train, but went on, misjudged either the distance of the train or its speed, and was struck; or, that he did not notice the gates, or whether they were up or down, but before coming upon or dangerously near to the track he could, had he looked or listened, have seen or heard the train. Either he did not look or listen, or he disregarded the information obtained. In either case, the plaintiff cannot recover. *Carney* v. *Chicago, St. P., M. & O. Ry. Co.,* 46 Minn. 220; *Marden* v. *Boston & A. R. Co.,* 159 Mass. 393; *Cadwallader* v. *Louisville, N. A. & C. Ry. Co.,* 128 Ind. 518; *Chicago & E. Ill. Ry. Co.* v. *Hedges,* 118 Ind. 5; *Abbett* v. *Chicago, M. & St. P. Ry. Co.,* 30 Minn. 482; *Brown* v. *Milwaukee & St. P. Ry. Co.,* 22 Minn. 165.

A man with full knowledge of the situation, and of the dangers to be apprehended can not close his eyes and ears, and rush heedlessly and recklessly into danger, and then say, "I did not see, because I did not look;" "I did not hear, because I did not listen." *Brown* v. *Milwaukee & St. P. Ry. Co.,* 22 Minn. 165; *Studley* v. *St. Paul & D. R. Co.,* 48 Minn. 249; *Magner* v. *Truesdale,* 53 Minn. 436; *Abbett* v. *Chicago, M. & St. P. Ry. Co.,* 30 Minn. 482; *Clark* v. *Northern Pacific R. Co.,* 47 Minn. 380; *Butterfield* v. *Western Railroad Corp.,* 10 Allen 532; *Railroad Co.* v. *Houston,* 95 U. S. 697; *Tucker* v. *New York Cent. & H. R. R. Co.,* 124 N. Y. 308.

GILFILLAN, C. J. This is an action for causing the death of plaintiff's intestate through negligence by a train of cars crossing Seventh street, in St. Paul, along which the deceased was walking, and upon the track crossing which street he was when struck and killed.

The jury found a general verdict in favor of plaintiff, and also answered certain specific questions of fact submitted to them by the court.

The defendant moved for judgment, on the ground that the special findings of fact are inconsistent with the general verdict, and the court below granted the motion.

From the general verdict, we presume a finding in plaintiff's favor of all facts necessary to sustain it, including the negligence of the defendant and the absence of negligence on the part of the deceased.

Where the special findings are inconsistent with the general verdict, they prevail over it. If they are of facts which show the party in whose favor the general verdict is rendered is not entitled to it, the latter cannot stand. Thus if these special findings established there was no negligence on the part of the defendant, or that there was contributory negligence on the part of the deceased, the general verdict would have to give way. Most of the special findings refer to circumstances bearing on the question of defendant's negligence, though, except one to the effect that it was negligent, they do not cover the whole question. Several of them have a bearing on the question of contributory negligence, though they do not cover it, unless two of them, as follows:

"(8) Could Aschen, by looking or listening before going upon the track, or so close thereto as to become injured, have seen or heard the approaching train which hit him? Yes."

"(10) Was Aschen negligent? No."

It is argued that the last of these is only a conclusion of law, and that would be so if the specific facts on which it is based were such as to make Aschen's attempt to cross under the circumstances negligence *per se*. The other findings do not show that, and the question is, does the first above or eighth finding show it? We think it comes short of it, inasmuch as it states merely that he could do one or the other of two things,—see or hear the train,—but does not state which. We have in the findings none of the surrounding circumstances, and we cannot therefore say that it was negligence *per se* for him to go upon the track, even though he heard the train, for the surroundings may have been such that he could not tell by hearing alone in which direction it was moving, nor that it was so near as to make the attempt to cross dangerous; so that, notwithstanding the fact that he could see or

hear, one or the other, before going on the track, he may not have been guilty of contributory negligence.

Judgment reversed, and the case will be remanded, with directions to the court below to hear a motion for a new trial, should defendant desire to make one.

COLLINS and BUCK, JJ., took no part in the decision.

(Opinion published 59 N. W. 632.)