NEHEMIAH P. CLARKE *vs.* COLD SPRING OPERA HOUSE Co. *et al.*

Argued May 23, 1894.  Affirmed June 22, 1894.

No. 8891.

**No review of facts found if the evidence be not all returned.**
> Where the settled case shows that documentary evidence, which might have a bearing on the findings of fact, but which is not made part of the case, was introduced, this court will not review such findings.

**Failure to bring in all solvent stockholders within the jurisdiction.**
> In a proceeding by a creditor against an insolvent corporation under 1878 G. S. ch. 76, § 9, if the plaintiff bring in as defendants only a part of the stockholders, to enforce their statutory liability, it is proper for the court to charge each of them within that liability only the proportion of plaintiff's claim which the stock held by each bears to the whole stock outstanding, unless some reason appears, such as insolvency, death, or inability to reach with process other stockholders, for charging them more.

Appeal by plaintiff, Nehemiah P. Clarke, from an order of the District Court of Stearns County, *L. L. Baxter*, J., made February 24, 1894, denying his motion for a new trial.

On May 13, 1885, the Cold Spring Opera House Company was a corporation created under 1878 G. S. ch. 34, title 2, and having its place of business at Cold Spring. Its capital stock was $2,000 divided into eighty shares of $25 each. Only thirty-eight of the shares were ever subscribed for or taken, but these were fully paid. Between that date and July 29, 1885, the plaintiff sold and delivered lumber to the corporation to the value of $1,231.25. On December

28, 1888, he obtained judgment against it for the amount of his claim and interest and collected by execution $848.61 thereof but the writ was returned unsatisfied for the balance. The corporation had become insolvent. Plaintiff commenced this action May 24, 1890, against the corporation and a part of its stockholders and some others, to enforce their constitutional liability to pay the debts of the corporation to an amount equal to the amount of their stock. Const. art. 10, § 3. The issues were tried in June, 1892, and findings were filed August 28, 1893. The court found that the defendant Marcus Maurin held and owned six shares, John Roedel and Peter Hoffman each two shares, and that Carl Kropp and eight others of the defendants each held and owned one share, of the capital stock of the corporation; that the remaining defendants held no stock, and that some of the stockholders were not made parties to the action. As conclusion of law the court ordered judgment in favor of plaintiff and against each defendant so found to hold and own stock, for the sum of $22.33 upon each share held by him with interest from the date of the commencement of this action. The plaintiff was also awarded costs and disbursements to be divided equally among the twelve defendants. He was required to pay one bill of costs and disbursements to those defendants who were not shown to be stockholders.

The plaintiff moved for a new trial, claiming that on the evidence Marcus Maurin should have been found owner of nine shares instead of six, and Carl Kropp of nine shares instead of one, and that others of the defendants should have been found to own and hold stock of the corporation. He also claimed $25 upon each share instead of $22.33. The Court denied the motion and plaintiff appeals.

*G. W. Stewart,* for appellant.

The evidence shows that thirty-eight shares of stock in defendant company were issued. That the defendant Carl Kropp, was an original subscriber for one share of the capital stock and that he afterwards bought of other subscribers eight more. The defendant Marcus Maurin, was the owner of six shares by original subscription. He also obtained by purchase three more. The corporation had no by-laws or regulations of any kind; no stock transfer book, or any book in which was entered transfers of stock; nothing ex-

cept articles of incorporation and the stock certificate book. Carl Kropp had destroyed all his certificates and it was impossible for Maurin to find any of his. It was impossible for plaintiff to show in any way other than by parol evidence, that the shares were actually transferred by proper assignment endorsed upon them.

December 2, 1888, there was due upon plaintiff's judgment $1,670.61. There has been paid $848.61, leaving $822 and interest unpaid. The amount yet due exceeds the aggregate amount of thirty-eight shares of stock so that plaintiff is entitled to the entire amount of each share and interest from the time of the commencement of the action to the date of the judgment. The defendants had it in their power and it was their duty, to bring in and have made parties, all the other stockholders, if thereby, their liability could be reduced. *Arthur* v. *Willius*, 44 Minn. 409; *Erickson* v. *Nesmith*, 46 N. H. 371; *Brundage* v. *Monumental Gold, &c., Mining Co.*, 12 Or. 322; *Hatch* v. *Dana*, 101 U. S. 205; *Handy* v. *Draper*, 89 N. Y. 334; *Wheeler* v. *Millar*, 90 N. Y. 353; *Burr* v. *Wilcox*, 22 N. Y. 551.

The trial court held that because there was no evidence of the formal transfer of the stock upon the books of the company, as provided by 1878 G. S. ch. 34, §§ 8, 110, the transferees were not liable, and that plaintiff could hold only the original subscribers. This was error. *Lund* v. *Wheaton Roller Mill Co.*, 50 Minn. 36; *Baldwin* v. *Canfield*, 26 Minn. 43; *Joslyn* v. *St. Paul Distilling Co.*, 44 Minn. 183; *McNeil* v. *Tenth Nat. Bank*, 46 N. Y. 325; *Grymes* v. *Hone*, 49 N. Y. 17; *Johnston* v. *Laflin*, 103 U. S. 800; *Isham* v. *Buckingham*, 49 N. Y. 216; *Brewster* v. *Hartley*, 37 Cal. 15; *Jarvis* v. *Rogers*, 13 Mass. 105; *Wheelock* v. *Kost*, 77 Ill. 296; *Brown* v. *Hitchcock*, 36 Ohio St. 667.

The liability follows the stock. Whoever purchases it does so at the risk of this liability. *Root* v. *Sinnock*, 120 Ill. 350; *Middletown Bank* v. *Russ*, 3 Conn. 135; *In re Empire City Bank*, 18 N. Y. 119; *Johnson* v. *Underhill*, 52 N. Y. 203; *McClaren* v. *Franciscus*, 43 Mo. 452.

*Bruckart & Brower*, for respondents.

An objection that a finding of the court is not specific and distinct is waived unless a motion is made in the District Court to

perfect such finding.   *Smith* v. *Pendergast*, 26 Minn. 318; *Cummings* v. *Rogers*, 36 Minn. 317.

When the facts found justify the judgment, the same will not be reversed, if appellant did not ask for a finding on other facts, or for a more specific statement of the facts found.   *Bradbury* v. *Bedbury*, 31 Minn. 163.

Plaintiff offered in evidence the stock book of the Cold Spring Opera House Company, which was received without objection, but it is not included in the settled case.   Without it, the evidence upon which this action was tried is not before this court.   Without it, the question as to the sufficiency of the evidence to sustain the findings cannot be inquired into upon this appeal.   *Acker Post* v. *Carver*, 23 Minn. 567; *Blake* v. *Lee*, 38 Minn. 478; *In re Lyons*, 42 Minn. 19; *Hill* v. *Gill*, 40 Minn. 441; *In re Post*, 33 Minn. 478.

The stock book, introduced in evidence, may have shown facts that justified the court in fixing the amount assessed against each share at $22.33, but it is not before the court and consequently this decision is not reviewable upon this appeal.

GILFILLAN, C. J.   The record is not in condition to enable us to review the court's finding as to how much stock was owned by each of the stockholder defendants.   The stock book of the corporation was introduced in evidence.   A portion of its contents is set forth in the settled case, but whether all that related to the ownership of the stock does not appear.   The portions of it not set forth may have contained evidence on the point.   The case is within *Acker Post No. 21, G. A. R.*, v. *Carver*, 23 Minn. 567.

The number of shares outstanding is found to be thirty-eight, at the par value of $25 per share; the number held by the defendant stockholders nineteen.

The court found each defendant stockholder liable, not for the full par value of his stock, but for the proportion of plaintiff's debt which the par value of his stock bears to the par value of the stock outstanding.   The proceeding being under 1878 G. S. ch. 76, the plaintiff ought to have brought in all the stockholders, which he could have done at any time, or shown some reason—as, for instance, insolvency, death, or inability to reach by process those omitted—

for not doing so.   There is no fact found in the case to suggest a reason for charging any stockholder more than the proportion of the debt which his stock bears to all the outstanding stock.   The plaintiff ought not to be permitted by leaving some out to charge those brought in any more than he could have charged them had· he brought in all of them.

Order affirmed.

BUCK, J., absent, took no part.

(Opinion published 59 N. W. 632.)