HENRY VOGT v. GEORGE T. HONSTAIN.[1]

January 3, 1902.

Nos. 12,773—(147).

Special Finding—General Verdict.

    Where a special finding of facts is inconsistent with the general ver-
dict, the former controls the latter, and judgment must be awarded
accordingly. If, however, it is reasonably possible to construe such
special finding so as to sustain the general verdict, it must be done.

Same.

    A special finding of fact by the jury in this case construed, and *held*
that it is inconsistent with the general verdict within the rule stated.

Action in the district court for Ramsey county to recover $2,600
for personal injuries. The case was tried before Kelly, J., and a
jury, which rendered a general verdict in favor of plaintiff for $400,
and returned the special findings of fact set out in the opinion.
From an order granting defendant's motion for judgment in his
favor notwithstanding the general verdict, plaintiff appealed. Af-
firmed.

    *Geo. C. Rogers, Thos. P. McNamara* and *Stevens, O'Brien, Cole &
Albrecht*, for appellant.

    *Morton Barrows*, for respondent.

START, C. J.

    This is an action to recover for personal injuries sustained by
the plaintiff by reason of the alleged negligence of the defendant.
The result of the former appeal herein (see 81 Minn. 174, 83 N. W.
533) was that the cause was remanded for a new trial. On the
second trial the jury found a general verdict for the plaintiff in
the sum of $400, and answered specific questions of fact submitted
to them by the court as follows:

    "First. Did Edward Warren promise plaintiff that he would have
a scaffold built to protect him from falling materials?" "Yes."

    "Second. In remaining at work after the conversation with Ed

[1] Reported in 88 N. W. 443.

Warren, did plaintiff rely for his safety on the promise that no more pieces of material should be permitted to fall by the workmen above, or did he rely on the promise to build a scaffold, or did he rely on both of these promises?" "Yes; both."

"Third. In view of all the circumstances, was it reasonably practicable to build a scaffold on or near this elevator which would have afforded this plaintiff reasonable protection from the injury which he suffered without unreasonably interfering with the hoisting of material or other work of the men below or above?" "No."

Thereupon the plaintiff moved the trial court for judgment in his favor upon the general verdict. The defendant also made a motion for judgment in his favor notwithstanding the verdict. The trial court, upon the files, including the special findings, made its order denying the plaintiff's motion, and directing judgment in favor of the defendant notwithstanding the general verdict. It was so entered, and the plaintiff appealed from the judgment.

It is not quite clear from the record upon what ground the defendant's motion was made or granted, but it seems to be here conceded, and we so assume, that it was upon the ground that the special facts found were inconsistent with the general verdict. "Where a special finding of facts is inconsistent with the general verdict, the former controls the latter, and the court shall give judgment accordingly." G. S. 1894, § 5381; Twist v. Winona & St. P. R. Co., 39 Minn. 164, 39 N. W. 402. If, however, it is reasonably possible to construe such special finding so as to sustain the general verdict, it must be done. Nettersheim v. Chicago, M. & St. P. Ry. Co., 58 Minn. 10, 59 N. W. 632.

The record contains no settled case or bill of exceptions. But it appears from the decision on the former appeal and the complaint that the defendant was engaged in building a grain elevator in the ordinary way, and when it had been built up to the height of about fifty feet the plaintiff, who was a day laborer working for the defendant in placing lumber in piles by the side of the elevator, to be hoisted to its top, was injured by a stick of timber falling from the top of the building upon him; and, further, that prior to this accident the defendant had promised him that he would be protected from injury by reason of materials falling from above,

85 M.—11

and that he was so working at the time of his injury in reliance on this promise. It is to be inferred from the record that this promise was made by the defendant's superintendent, named in the first special finding.

Now, keeping in mind the allegations of the complaint, and the character of the structure and the work to be done, it is manifest that the third finding of fact is radically inconsistent with the general verdict, for it must have been perfectly obvious to the plaintiff, or to any man of the most ordinary intellect, that it was practically impossible, as the jury in effect found, to build a scaffold to protect him without abandoning the work of hoisting the lumber to the top of the elevator. Therefore he had no right to rely on a promise he was bound to know was practically impossible of performance, unless the work in hand was abandoned. It follows from the decision on the former appeal that, if the promise to build the scaffold be eliminated from this case,—as it must be by reason of the third finding of fact,—the plaintiff is not entitled to recover; hence the finding is inconsistent with the general verdict. The trial court rightly ordered judgment for the defendant.

Judgment affirmed.