ELKHART NAT. BANK v. NORTHWESTERN GUARANTY LOAN CO. et al.

(Circuit Court of Appeals, Third Circuit. April 12, 1898.)

No. 17.

1. JURISDICTION OF FEDERAL COURT—FOREIGN CORPORATION—SUIT TO ENFORCE LIABILITY OF STOCKHOLDERS.

Unless it voluntarily appears, a foreign corporation cannot be made a party defendant to a suit in a federal court by one of its creditors, who seeks the appointment of a receiver, an accounting, and to enforce the individual liability of stockholders who are within the jurisdiction of the court.

2. SUIT TO ENFORCE STOCKHOLDERS' LIABILITY—NECESSARY PARTIES.

The corporation and all its stockholders are necessary parties defendant to a creditors' suit for the appointment of a receiver, an accounting, and to enforce the personal liability of stockholders, and, if the corporation cannot be brought in, the suit must be dismissed.

Appeal from the Circuit Court of the United States for the Eastern District of Pennsylvania.

This was a suit by the Elkhart National Bank, of Elkhart, Ind., against the Northwestern Guaranty Loan Company, of Minnesota, and Edward P. Allison and others, stockholders of said corporation, residing within the Eastern district of Pennsylvania. The purpose of the suit was to enforce the individual liability of stockholders. The bill was dismissed for want of necessary parties defendant, and plaintiff appeals.

M. H. Boutelle, for appellant.

John G. Johnson, for appellees.

Before ACHESON, Circuit Judge, and BUTLER and BRADFORD, District Judges.

BUTLER, District Judge. Can the suit be sustained? The bill avers, substantially, that the loan company was organized under the laws of Minnesota; that the individual defendants named, together with a large number of other persons not residents of Pennsylvania, hold its stock; that in May, 1893, the district court of Hennepin county, Minn., adjudged the company insolvent, in proceedings instituted under a statute of that state, and appointed a receiver, who took possession of its assets, and continues to hold them; that the plaintiff obtained a judgment against the company, since that date, which is unpaid; that the assets of the loan company do not exceed $500,000, while its indebtedness exceeds $3,000,000; that the individual defendants named hold 846 shares of its stock, worth at the par value $84,000, and reside in Pennsylvania; that by the laws of Minnesota the stockholders of the company are personally liable to its creditors, each in an amount equal to the par value of the stock held by him, or so much thereof as is necessary to pay his proportion of the balance due creditors, after the assets of the company have been exhausted; that the deficiency of assets is more than $2,500,000, and that the amount of stock liable to call for contribution, on account of this deficiency represents in money $1,250,000. The relief sought is stated as follows:

"That said defendants may make a full disclosure, discovery and answer to all and several the matters aforesaid, and according to the best and utmost of their knowledge, remembrance, information and belief, full, true, direct and perfect answers make to all and several the allegations and charges herein contained, as though specially interrogated on each thereof, and that an account be taken, ascertaining the value of all and several the assets, properties and effects of whatsoever kind or character of said defendant Northwestern Guaranty Loan Company, applicable to the payment of its indebtedness, the stockholders of said corporation and the amount of stock held by each at the date of the adjudication of insolvency of said Northwestern Guaranty Loan Company; the amount of indebtedness of said corporation and to whom due; the amount due on plaintiff's judgment, and that a receiver herein and in this suit be appointed, and that each of said several stockholders within the jurisdiction of this court, defendants herein, be adjudged and decreed to pay to said receiver, for the equal benefit of your orator and all other creditors of said Northwestern Guaranty Loan Company, who may become parties hereto, and prove their claims herein, a sum equal in amount to the par value of the shares of stock held by each."

Thus it appears that the suit is an ordinary proceeding in equity by creditors' bill, for an account and settlement of the rights and liabilities of parties. The individual defendants served demurred, assigning among other causes the absence of essential parties, to wit, the loan company, and stockholders outside this state. The court sustained the demurrer and dismissed the bill. The loan company is improperly joined as a defendant. Under the act of congress of March 3, 1887, it is not liable to suit here. Phosphate Co. v. Brown, 20 C. C. A. 428, 74 Fed. 321; Anderson v. Watt, 138 U. S. 694, 11 Sup. Ct. 449; Shaw v. Mining Co., 145 U. S. 444, 12 Sup. Ct. 935. The suggestion that the company may voluntarily come in is immaterial; it is not here, and the presumption is that it will not come. The nonresident stockholders are not joined.

We are now called upon to decide whether the company and nonresident stockholders are necessary parties to the litigation. This is the only question presented. The argument addressed to us for the plaintiff took a wide range, and was largely devoted to a consideration of the local laws of Minnesota. With these laws, however, we have no present concern, except in so far as they bear on the question of personal liability sought to be enforced. This question is not raised, nor is it open to controversy. Are the loan company and nonresident stockholders necessary parties? In determining this question we are not governed by the laws of Minnesota, but by the ordinary rules and practice of courts of equity. The practice adopted in proceedings under the local laws of that state against stockholders, or in equity proceedings there, based upon such laws, is unimportant to the inquiry before us. As before stated the suit is an ordinary one to ascertain the rights and liabilities of parties and to enforce contribution and settlement. The relations of the parties arise out of their mutual connection with the loan company—the plaintiff as a creditor, and the individual defendants as stockholders. The laws of Minnesota impose on such stockholders a personal liability equal to the par value of the stock held, and render them subject to call for payment of so much thereof as may be necessary to pay creditors, after the company's assets have been exhausted. To enable the court to make a decree it must take

an account, determine the amount of assets, the extent of indebtedness, and the names and situation of the stockholders, the number of shares held by each, and thus determine what each should contribute, if contribution is found to be necessary. And this is precisely what the bill asks to have done. Can it be done in the absence of the loan company and the nonresident stockholders? We are confident in the judgment that it cannot: First, because they are directly interested in the result, and, second, because the defendants sued cannot protect themselves and secure a just determination of their liabilities. How can the extent of the company's indebtedness be determined without its presence and assistance,—who else can defend against unjust claims? It is no answer to say that the extent of indebtedness and the value of assets will be determined by the insolvent proceeding pending in Minnesota. That proceeding will not conclude, nor affect, the stockholders, who are not parties to it. It involves only the creditors and the company. The creditors might have made the stockholders parties and thus have had their liabilities ascertained. They did not however choose to do so; and appear to have contented themselves with a decree declaring the company insolvent and appointing a receiver, who took possession of the assets, but has filed no account and made no distribution, although five years have since elapsed. Nor is it an answer to say that the plaintiff must bear the burden of proving its allegations and establishing a case that will justify the decree sought. It might be easy to prove the allegations in the absence of defense, but the question recurs, how can the stockholders defend, standing alone? And again, how can the equity of stockholders between themselves, be settled and enforced, without all being made parties? It will not do to say they have no such equities. By the terms of the statute they have. As is said in Arthur v. Willius, 44 Minn. 413, 46 N. W. 852:

"As to the alleged defect of parties, the rule undoubtedly is that in an action under chapter 76, when it is sought to enforce the individual liability of stockholders, all of the stockholders should be made parties, and that if they are not, it constitutes a defect of parties which may be taken advantage of by answer or demurrer. Allen v. Walsh, 25 Minn. 543; Johnson v. Fischer, 30 Minn. 173, 14 N. W. 799. * * * The rule requiring all stockholders to be made parties is one peculiarly for the benefit of those stockholders who are made parties, the object being that all who are similarly liable should be brought into court and made to stand their proportionate share of the liability, and thus save their associates from being compelled to pay more than their share."

See, also, Clarke v. Opera-House Co. (Minn.) 59 N. W. 632.

We cannot doubt therefore that the loan company and nonresident stockholders are necessary parties. As has been well said by the courts, all persons having an interest in the subject-matter of controversy, of such a nature that a final decree cannot be made without either affecting them, or leaving the controversy in such a condition that its final determination may be inconsistent with equity and good conscience, are necessary parties. Shields v. Barrow, 17 How. 139; Ribon v. Railroad Cos., 16 Wall. 446; Bailey v. Inglee, 2 Paige, 278; Cattle Co. v. Frank, 148 U. S. 603, 13 Sup. Ct. 691.

It is urged that the creditors will be remediless if the suit is not

sustained. If this were true the fact would afford no justification for sustaining it and thus inflicting injustice on the defendants. The plaintiff's misfortune in such a case would result from its own want of care in dealing with the loan company, in ignorance of the law. It does not seem however to be true. The plaintiff says in the brief furnished us "the laws of Minnesota impose the ordinary stockholders' liability, and prescribe an essentially equitable remedy for its enforcements." This is true; and the remedy seems to be fully adequate to secure the creditors' interests, under all circumstances. It provides for ascertaining the amount of assets, extent of indebtedness, who the stockholders are, what amount each holds, and for settling the rights and liabilities of all parties interested. This statutory remedy may not be exclusive; (we do not suggest that it is or is not), but if creditors choose to disregard it and proceed as they have done here, they are bound by the ordinary rules which govern equity practice, independently of the Minnesota statute and the administration of the remedy it provides, by the courts of that state. There may, possibly, be difficulty in applying that remedy to foreign stockholders. Do not such stockholders, however, bind themselves to it by taking stock, as fully as they do to the provision for personal liability? We need not answer this question at present. The statute seems to contemplate a proceeding against all stockholders, in corporations organized under the laws of the state, and a final decree therein. The process of the court cannot be executed outside the state; but would not foreign stockholders, after notice and opportunity to be heard, be concluded? If not so concluded it seems probable that the creditors, having exhausted this remedy, and the foreign stockholders having been afforded opportunity of hearing, might support an auxiliary bill elsewhere. Of course if the decree is conclusive the court could not enforce it against foreign stockholders, but in such case it might be enforced by auxiliary equity proceedings where the stockholders reside. It is thus made apparent, we think, that the plaintiff's present situation is not such (to say the least) as warrants the adoption of extreme measures to sustain the bill.

The decree must be affirmed, but with a slight amendment, necessary to avoid possible embarrassment hereafter. The addition of the words "without prejudice" will accomplish this; and the cause is remanded with directions to add these words to the decree dismissing the bill. Indeed, as the court said in Cattle Co. v. Frank, 148 U. S. 612, 13 Sup. Ct. 691, they should always be added where a bill is dismissed without disposing of the merits. The costs of the appeal must be paid by the appellant, who might have procured the amendment, by application to the circuit court.