BLANCHARD v. BIGELOW et al.

(Circuit Court, E. D. Pennsylvania. June 7, 1901.)

No. 40.

EQUITY—DISMISSAL FOR WANT OF INDISPENSABLE PARTY—TIME TO OBTAIN SERVICE.

A bill will not be dismissed for want of an indispensable party, who is made a defendant, but has not been served, until complainant has been given a reasonable time to obtain service, and he will be allowed more than six months where such defendant resides outside of the state.

In Equity. On motion to dismiss.

J. W. Catharine, for complainant.

S. B. Huey, for defendant John Bigelow.

DALLAS, Circuit Judge. "Now comes John Bigelow, one of the above-named defendants, by his solicitor, Samuel B. Huey, Esq., and, having first entered a special appearance only in said cause for the sole purpose of objecting to the jurisdiction of the court, moves to dismiss the bill of complaint in the above-entitled action upon the following grounds: First, for that it appears from said bill of complaint that the above-named James Greenwood is an indispensable party to said action, and that the said James Greenwood has not been served with any subpœna or other process in this action, and is not before the court, and, as said James Greenwood is a citizen of another state and district, this court is without power to bring the said Greenwood into court in this suit; second, for that it does not appear from the bill of complaint that the matter in dispute in this action exceeds, exclusive of interest and costs, the sum or value of two thousand ($2,000) dollars, and that this court has no jurisdiction of this action."

1. James Greenwood, who is claimed to be an indispensable party, is in fact included as a defendant in the bill, and the failure to obtain service upon him did not oust the jurisdiction of the court. It may be that if the plaintiff cannot, within a reasonable time, procure such service to be made, his co-defendant may have the bill dismissed for nonprosecution; but less than six months have elapsed since it was filed, and this period is too brief to warrant its dismissal at this time. Jessup v. Railroad Co. (C. C.) 36 Fed. 735. I deem it expedient, however, to say (though I do not now decide the question) that I incline to the opinion that it will not be possible to maintain the bill against Bigelow alone. It prays that a certain "trust agreement" be canceled; that the defendants be restrained from collecting the revenues of the trust estate, that they be compelled to account for all moneys of the trust received and expended by them or either of them, that they be compelled to pay over the amount due complainant by them or either of them, and for general relief. Now, the agreement upon which each of these prayers is founded recites that the defendants and the plaintiff were co-partners, and as such co-partners, or in their individual capacity, were the owners or equitably interested in the rights, interests, contracts, agreements, licenses,

choses in action, and property to which the agreement relates, and that they had agreed to transfer and place all of said property, estate, and things in the hands and exclusive control of said John Bigelow and James Greenwood, in trust for the uses and purposes in the agreement set forth. In short, the defendants are by this instrument not only made joint trustees, but are both declared to be beneficially interested with the complainant in its subject-matter. Consequently, as it now seems to me, all three of these persons are directly concerned in each and every result which the suit is intended to attain. Elkhart Nat. Bank v. Northwestern Guaranty Loan Co., 30 C. C. A. 632, 87 Fed. 252.

2. The amendment to the bill of complaint was, in my opinion, properly allowed, and nothing at present appears which would justify a finding that its allegations respecting the value of the matter in controversy has not been made in good faith. They sufficiently meet the jurisdictional requirement. Rainey v. Herbert, 3 U. S. App. 628, 5 C. C. A. 183, 55 Fed. 443. The motion to dismiss is denied.