DANCEL et al. v. GOODYEAR SHOE MACHINERY CO., OF PORTLAND, ME.

(Circuit Court of Appeals, Second Circuit. March 2, 1906. On Motion to Amend Mandate, April 23, 1906.)

No. 104.

CORPORATIONS—ASSIGNMENT OF CONTRACT—SUIT AGAINST ASSIGNEE.

A bond executed by one corporation to another which it succeeded in business, and whose entire property and assets it had purchased, by which it covenanted to pay and discharge all debts, liabilities, and obligations of the obligee, and to adopt, perform, and fulfill all of its contracts and engagements, creates a direct and primary liability of the purchaser in equity on a contract assigned as a part of the assets, and the assignor is not an indispensable party to a suit thereon against the assignee.

[Ed. Note.—For cases in point, see vol. 12, Cent. Dig. Corporations, § 2316.]

Appeal from the Circuit Court of the United States for the Southern District of New York.

For opinion below, see 137 Fed. 157.

This is an appeal from a decree in equity, entered in the Circuit Court for the Southern District of New York, directing the specific performance of a contract to pay the sum of $5,000 annually to the complainants as the personal representatives of Christian Dancel, deceased. The contract was made originally between Dancel and a Connecticut corporation of the same name as the defendant, subsequently the defendant, a Maine corporation, having taken over the property of the Connecticut corporation, executed a bond providing that it would assume all the obligations of the latter, including the agreement to pay for letters patent, No. 459,036, which had been assigned by Dancel, the patentee, to the Connecticut company. The contract provided that the said sum of $5,000 should be paid annually while the patent remained in force. The patent does not expire until September, 1908.

The controversy has frequently been before the courts. On motion to remand, 106 Fed. 551; on demurrer, 109 Fed. 333; on writ of error to this court to review judgment in action at law, 119 Fed. 692, 56 C. C. A. 300; on demurrer, the court directing that the cause be transferred to the equity calendar, 120 Fed. 839.

The opinion of the Circuit Court, which resulted in the decree from which the present appeal is taken, will be found in 137 Fed. 157.

Edwards H. Childs and Henry W. Taft, for appellant.

J. Philip Berg and Roger Foster, for appellees.

Before TOWNSEND and COXE, Circuit Judges.

COXE, Circuit Judge (after stating the facts). This cause has been so frequently before the courts and has been so thoroughly discussed in all its aspects that very little need be added to the opinion of the judge of the Circuit Court, where all the salient facts are recited.

Indeed, our own opinion, when the case was here on writ of error, practically disposes of all questions involved, except that in that case the allegation of the complaint that the defendant agreed to assume the obligation of the Connecticut company to make the annual payments under the Dancel contract was expressly admitted in the answer; here it is denied. Owing to the novel character of the question presented this court gave the case the most careful consideration and it is unnecessary to reiterate what was there decided. Not only did the court hold that the action should have been in equity, but also that it might be transferred to the equity side of the court. The suggestion that the judgment be reversed without prejudice to an application for leave to reframe the complaint into a bill in equity was not made thoughtlessly, but after careful consideration of the entire situation both on the facts and the law and was in the interests of a speedy, orderly and economical administration of justice. Having, in a sense, invited the complainants to transfer their cause from the Circuit Court, sitting to hear actions at law, to the same court, sitting to hear actions in equity, it is hardly to be expected that, in the absence of some controlling authority, this court, assuming its power to consider the question, will change its opinion as to the jurisdiction of the Circuit Court to entertain the cause in equity.

The defendant is in the tribunal of its own seeking; all necessary parties and all the facts are before the court; the permission to replead in such circumstances is, therefore, largely a matter of procedure. Entertaining this view we do not feel justified in certifying the question to the Supreme Court.

The only remaining question requiring consideration is, did the defendant agree to assume the obligations of the Connecticut company? As before stated, the answer in the suit at law expressly admitted that the defendant did so assume and the complainants insist that the admission should be received as evidence in support of their contention. As the answer was verified by the defendant's attorney we prefer, however, to rest our decision upon the other evidence.

We think the finding that the defendant assumed the obligations of the Connecticut company is fully sustained by the proof. The reasons for this finding are clearly stated in the opinion of the Circuit Court and need not be repeated. The evidence tending to show the complete absorption of the Connecticut company by the defendant and the assumption of all the former's liabilities was largely derived from the defendant's own books, or books of the Connecticut company in the possession of the defendant and in which the defendant had made entries. These books were, we think, sufficiently identified and authenticated.

It is manifest from the record that the Connecticut company is de facto, if not de jure, defunct; it can have no possible interest in the controversy; and, even if not actually dissolved, its presence on the record can serve no useful purpose, even were it possible to reach it with process.

The decree is affirmed.

## On Motion to Amend Mandate.

It has been the uniform practice in this circuit to allow interest upon decrees in equity causes pursuant to the provision of subdivision 3 of rule 30 of this court (90 Fed. clxviii, 31 C. C. A. clxviii). It is therefore unnecessary to amend the mandate.

The motion is denied.