## LOOSE et al. v. HARTFORD PULP PLASTER CORPORATION et al.

(Circuit Court, D. Connecticut. February 1, 1908.)

### No. 1,247.

1. CONTRACTS—ACTIONS TO ENFORCE—EQUITY—ADEQUATE REMEDY AT LAW.

An action at law cannot be maintained to charge a defendant with liability because of his assumption of a contract to which he was not a party, and a suit to enforce such liability is cognizable in equity.

2. COURTS—JURISDICTION OF FEDERAL COURTS—DIVERSITY OF CITIZENSHIP.

A federal court has jurisdiction on the ground of diversity of citizenship where the parties designated in the bill as plaintiffs and defendants are respectively citizens of different states, and nothing appears from the bill which requires their rearrangement.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Courts, § 855.

Diverse citizenship as a ground of federal jurisdiction, see notes to Shipp v. Williams, 10 C. C. A. 249; Mason v. Dullagham, 27 C. C. A. 298.]

In Equity. On demurrer to bill.

Robinson & Robinson, for plaintiffs.
H. E. Hart and E. L. Smith, for defendants.

NOYES, Circuit Judge. While the first ground of the demurrer is very broad, the question raised under it is whether the plaintiffs have an adequate remedy at law and so cannot resort to equity. The bill is apparently framed upon different theories of liability. There is an evident desire to hold the defendant corporation in one way if it should not be liable in another. Still, considering the allegations as a whole, I think they should be treated as stating a cause of action based upon an agreement by the defendant corporation to assume the obligations of the defendants Hills and Jackson under their contract with the plaintiffs. The plaintiffs could not obtain the benefit of this agreement at law, but they could in equity. Goodyear Shoe Machinery Co. v. Dancel, 119 Fed. 692, 56 C. C. A. 300; Dancel v. Goodyear Shoe Machinery Co., 144 Fed. 679, 75 C. C. A. 481.

The second ground of demurrer is want of the necessary diversity of citizenship. The parties designated as plaintiffs and defendants in the record are, however, respectively citizens of different states, and nothing is shown in the bill which requires the court to rearrange them and oust itself of jurisdiction.

The third ground of demurrer is based upon the statute of frauds. But it does not appear that the promise referred to was not in writing.

The demurrer to the bill is overruled.