CLINTON MINING & MINERAL CO. v. COCHRAN et al.

(Circuit Court of Appeals, Third Circuit. January 17, 1918.)

No. 2300.

1. APPEAL AND ERROR ⬦854(5)—REVIEW—REASONS FOR DECISION.

The correctness of a decree dismissing the bill must be determined on appeal, without regard to the reasons that may have led the court below to enter it.

2. CORPORATIONS ⬦265(6)—STOCKHOLDERS' LIABILITY—ENFORCEMENT—PARTIES.

A creditors' bill, to enforce the general liability of stockholders in a corporation to contribute ratably towards paying plaintiff and all others who join in the bill, cannot be maintained without the corporation as a party, where, though it has ceased doing business, it has not been dissolved, but still exists, has a corporate organization, and is capable of being sued.

3. COURTS ⬦262(3)—FEDERAL COURTS—EQUITY JURISDICTION.

Civ. Code S. D. § 441, provides that each stockholder of a corporation is individually and personally liable for its debts to the extent of the amount unpaid on his stock, and that any creditor may institute joint or several actions against any of the stockholders that have not fully paid the capital stock held by them, and that in such action the court must ascertain the amount unpaid by each stockholder and several judgments must be rendered against each in conformity therewith. *Held*, that this liability cannot be enforced in a federal court by a bill in equity against a number of stockholders, as the statute cannot enlarge the federal jurisdiction in equity, and such jurisdiction does not extend to such a bill.

4. TRIAL ⬦11(3)—TRANSFER OF CAUSES FROM EQUITY TO LAW.

Where plaintiff brought an action to enforce the statutory liability of a number of stockholders, in which six of the defendants were served or appeared, the court did not err in dismissing the action, instead of transferring it to the law side of the court, since, if maintainable at law, it would have been necessary to transform the action into six separate actions, especially where plaintiff made no motion for such transfer.

Appeal from the District Court of the United States for the Western District of Pennsylvania; Charles P. Orr, Judge.

---

⬦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Suit by the Clinton Mining & Mineral Company against A. J. Cochran and others. From a decree dismissing the bill, plaintiff appeals. Affirmed.

Arthur O. Fording, of Pittsburgh, Pa., and. Norman T. Mason, of Deadwood, S. D., for appellant.

E. C. Higbee, of Uniontown, Pa., and J. M. Hodgson, of Deadwood, S.·D., for appellees.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

McPHERSON, Circuit Judge. [1] This bill in equity was filed in the Western District of Pennsylvania by the Clinton Mining & Mineral Company, an Iowa corporation, which is a judgment creditor of the Imperial Gold Mining &· Mineral Company, a corporation of South Dakota. The bill named as defendants, the Imperial Company, A. J. Cochran, and ten other persons, citizens and residents of the Western district, and Charles S. Graham, a citizen of the Eastern district of Pennsylvania. Neither Graham nor the Imperial Company was served, and only six of the other defendants either were served or appeared to the action. These were made parties in their character as holders of stock in the Imperial Company, and their answers disclosed the names and addresses of 23 other holders, all residing within the Western district, who had not been named as defendants. The plaintiff's evidence having been heard, and the District Court having dismissed the bill, we have to do on this appeal with the correctness of the decree, without regard to the reasons that may have led the court below to enter it. Boise Water Co. v. Boise City, 213 U. S. 287, 29 Sup. Ct. 426, 53 L. Ed. 796; Security Ass'n v. Buchanan (C. C. A. 6) 66 Fed. 801, 14 C. C. A. 97. We turn to the bill in order to ascertain the grounds that underlie this suit in equity before a federal court.

[2] Two distinct grounds of relief are set up: (1) A South Dakota statute, which is said to make each of the six defendants liable to the plaintiff for its claim; and (2) the general liability of stockholders (if they still owe the corporation anything on their stock) to contribute ratably toward paying a plaintiff and all others who join in a creditors' bill. The Clinton Company asks for an accounting of debts due by and to the Imperial Company, for an assessment on the stock as far as may be necessary, and for the appointment of a receiver. We need not spend time on the second ground. Assuming, but without deciding, that these two causes of action may be joined in the same bill, we think that lack of essential parties prevents the District Court from determining the defendants' general liability in this proceeding. The bill does not aver, and the evidence does not prove, that the Imperial Company has been dissolved; apparently the corporation has not been . doing business since March, 1914, but it still exists, has a corporate organization, and is capable of being sued. To such a proceeding as a creditors' bill, the corporation itself would appear to be an indispensable party. Swan Co. v. Frank, 148 U. S. 603, 13 Sup. Ct. 691, 37 L. Ed. 577; Elkhart Bank v. Guaranty Co. (C. C. A. 3) 87 Fed. 252, 30 C. C. A. 632. It is not necessary to pass now upon the questions whether the twenty-three other stockholders in the Western district should be

made parties defendant; or, if so, by whom that step should be taken.

It remains to consider the South Dakota statute (the Civil Code), which (as far as we know) has not yet been passed upon by the Supreme Court of that state:

"Section 441. Each stockholder of a corporation is individually and personally liable for the debts of the corporation to the extent of the amount that is unpaid upon the stock held by him. Any creditor of the corporation may institute joint or several actions against any of its stockholders that have not fully paid the capital stock held by him, and in such action the court must ascertain the amount that is unpaid upon the stock held by each stockholder and for which he is liable, and several judgments must be rendered against each in conformity therewith. The liability of each stockholder is determined by the amount unpaid upon the stock or shares owned by him at the time such action is commenced, and such liability is not released by any subsequent transfer of stock. And in no other case shall the stockholders be individually and personally liable for the debts of the corporation."

The facts to which the plaintiff seeks to apply the statute are as follows: On September 1, 1899, the directors of the Imperial Co., who at that time were also its only stockholders, bought certain mining property in South Dakota from W. S. Elder, one of the stockholders, and paid for it (as the laws of the state permitted) by transferring its whole capital stock of 1,000,000 shares, the par value being $1 each. This was the first, and the only, property of this kind the company acquired. Immediately thereafter Elder returned 750,000 shares to the company's treasury, and the certificates were indorsed, "Fully paid and nonassessable." The value of the property bought may have been less than the par value of the stock issued in payment; on the record before us we cannot determine this question satisfactorily, but in any event the issue of the capital stock was authorized by all the incorporators, the directors, and the stockholders of the company, and moreover they all agreed to Elder's retransfer of the 750,000 shares in order that the company might dispose of them as seemed best. What the company did was to issue bonds to the amount of $200,000, and to sell them at par, transferring to each purchaser of bonds an equal amount of the treasury stock. All the defendants acquired shares in this manner, and some of them bought other shares from the treasury by paying cash therefor.

[3] We shall assume that under the statute the Imperial Company's stockholders are liable to the plaintiff, either ratably or to the full extent of the stock they hold; but the question still remains: Can such liability be enforced in a federal court by a bill in equity of the joint character now presented? We say nothing about the plaintiff's right to file such a bill in the courts of Pennsylvania, or of any other state, or to sue the defendants separately in a federal court of law. The sole question now is whether the joint remedy by bill can be maintained, and on this subject we think the answer should be in the negative. The Dakota statute cannot enlarge the federal jurisdiction in equity, and in our opinion this jurisdiction does not extend to such a bill as is now before us. The cases may not be completely in harmony on this subject, but there seems to be good reason to hold that to enforce such a liability as this the remedy at law is adequate. Flash

. v. Conn, 109 U. S. 371, 3 Sup. Ct. 263, 27 L. Ed. 966; Hale v. Allinson, 188 U. S. 56, 23 Sup. Ct. 244, 47 L. Ed. 380; Kelley v. Gill (Nov. 5, 1917) 245 U. S. 116, 38 Sup. Ct. 38, 62 L. Ed. ——; Fidelity Co. v. Archer (C. C. A. 3) 179 Fed. 32, 103 C. C. A. 16.

[4] As neither ground for relief was well taken, the district court was right in refusing to dismiss the bill as to one ground, and retain it as to the other. Neither was it erroneous to dismiss the bill altogether, instead of transferring the dispute to the law side of the court. The plaintiff made no such motion, and in any event the action in its present joint form could not have been properly transferred. If maintainable at law, the court would have been obliged to transform it into six separate actions, and this would have been equivalent to the bringing of six new suits.

Other questions have been argued, but they belong to a trial on the merits and should not be considered now.

The decree is affirmed, but without prejudice to the plaintiff's right to bring such other suit or suits as it may desire, either at law or in equity, in any forum that may have jurisdiction thereof.