## PHILADELPHIA RUBBER WORKS CO. v. UNITED STATES RUBBER RECLAIMING WORKS et al.

(District Court, W. D. New York. December 23, 1920.)

Eq. A–24.

1. **Corporations ☞590(4)—Patents ☞287—Pleading ☞8(8)—Successor of defendant pending accounting for infringement of patent liable notwithstanding denial of obligation.**

    Where, pending accounting for patent infringement, a successor company bought the assets and business of a defendant, agreeing to "assume and pay all debts, obligations and liabilities whatsoever" of the selling company, and was joined as defendant in the infringement suit, it was properly made liable by the decree in that suit for the recoverable profits, although it denied in its answer any obligation to pay the judgment recovered against its predecessor, that being a mere legal conclusion, and though the debt or liability was unliquidated, the language of assumption being sufficiently comprehensive to include plaintiff's claim, and though it paid a full consideration for the property transferred to it.

2. **Contracts ☞187(4)—Party assuming grantor's liabilities may be proceeded against by creditor of grantor.**

    If a grantee has agreed with a grantor to be primarily liable for the grantor's obligations to a creditor, the creditor is entitled in equity to be substituted in the place of the grantor and to sue the grantee the same as the grantor might have sued him; it being immaterial whether the contract was made and intended for the benefit of the grantor or the creditor.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Equity. Suit by the Philadelphia Rubber Works Company against the United States Rubber Reclaiming Works, in which the defendant's successor, the United States Rubber Reclaiming Company, Inc., was brought in as defendant, and later the Madison Tire & Rubber Company, Inc., was also brought in as party defendant by supplemental bill. On motion for decree on bill and answer. Decree ordered in accordance with opinion.

See, also, 276 Fed. 600.

Fish, Richardson & Neave, of New York City (Charles Neave, of New York City, of counsel), for plaintiff.

Briesen & Schrenk, of New York City (Hans v. Briesen, of New York City, and Simon Fleischmann, of Buffalo, N. Y., of counsel), for defendants U. S. Rubber Reclaiming Works and United States Rubber Reclaiming Co., Inc.

Van Vorst, Marshall & Smith, of New York City (Milton Dammann, of New York City, of counsel), for defendant Madison Tire & Rubber Co., Inc.

HAZEL, District Judge. This suit in equity was brought in October, 1912, against the United States Rubber Reclaiming Works for infringement of the Arthur H. Marks patent, No. 635,141, and for an injunction and an accounting. The patent was held valid and infringed, and an accounting directed. 225 Fed. 789, affirmed 229 Fed. 150.

During the accounting before the master the original defendant, United States Rubber Reclaiming Works, was dissolved, and the United States Rubber Reclaiming Company, Inc., which succeeded to all its property, assets, and liabilities, was substituted by supplemental bill and answer in 1917 for the original defendant. In August, 1919, the Madison Tire & Rubber Company, Inc., was incorporated for the express purpose of taking over the assets and property, and continuing the business of the United States Rubber Reclaiming Company, Inc. (herein called the selling company), and in consideration of such transfer it agreed, as appears by the contract of transfer attached to the answer, to "assume and pay all debts, obligations, and liabilities whatsoever" of the selling company, indemnifying and holding its officers, directors, and agents harmless of and from the same. The answer to the supplemental bill denies that it has agreed or contracted to pay plaintiff herein or the selling company for the use and benefit of plaintiff an amount of money decreed by this court to be paid because of the infringement specified in the bill, but avers that it has paid to the selling company the full value of its property, and therefore is not liable upon any judgment entered against the original defendants.

[1, 2] The questions submitted have been examined, and my conclusions are as follows: That the Madison Tire & Rubber Company, Inc., is a proper party defendant, and indeed an indispensable party to the action, since by its contract it assumed all liabilities whatsoever of the selling company, indemnifying it and its officers, directors, and agents from further liability therein. It knew at the time of purchase

of the pendency of this action for infringement, and accounting and proceedings had thereon. Hence its denial in the answer of any obligation to pay the judgment recovered is a legal conclusion, and the averment of the pleadings, aside from the legal conclusions, discloses I think a right of action in equity. In taking over the assets and property, and continuing the business the Madison Tire & Rubber Company, Inc., not only assumed to pay all existing debts and liabilities, but it also became primarily liable to the plaintiff under the contract, while at the same time the selling company became surety. In the circumstances the plaintiff, a creditor, has the right in equity of substitution for the grantor (Goodyear Shoe Machinery Co. v. Dancel, 119 Fed. 692, 56 C. C. A. 300; [C. C.] 137 Fed. 157, affirmed 144 Fed. 678, 75 C. C. A. 481), and the infringement in question, and the accounting thereon gave plaintiff the right to enforce the contract of transfer in this court and in this action. That the debt or liability is unliquidated in amount is immaterial, since the meaning of the words used to express the liability are sufficiently comprehensive to include plaintiff's claim, arising from the prior infringements by the selling companies. As said in Silver King Coalition Mines Co. v. Silver King Consolidated Mines Co., 204 Fed. 166, at page 176, 122 C. C. A. 402:

"In such a suit it is sufficient that the grantee has agreed with the grantor to be primarily liable for the latter's obligation to the creditor, so that, as between the parties to the agreement, the first is the principal and the second the surety. The creditor of the surety is then entitled in equity to be substituted in his place, and to maintain his suit against the grantee to the same extent as the grantor could have maintained it, and it is immaterial whether the contract was made and intended for the benefit of the creditor, or of the grantor, for the creditor has all the rights of both to enforce the obligation of the grantee."

In view of the facts and circumstances appearing by the bill and answer the plaintiff no doubt would have a right of action at law to recover upon the promise to pay the debts, and be answerable for the liabilities of the selling company to the extent at least of the value of the property sold and transferred, and, since equity has the power to avoid a multiplicity of suits, it follows, I think, that plaintiff may bring into this action as a defendant the Madison Tire & Rubber Company, Inc. Since the liability is based upon the promise of the purchasing company to the selling company to become primarily liable, it makes no difference that a full and adequate consideration for the property transferred has been paid as alleged in paragraph 3 of the answer. A decree may be entered against the defendants, including the Madison Tire & Rubber Company, Inc.