## OZAN LUMBER CO. et al. v. DAVIS SEWING MACH. CO.

(District Court, D. Delaware. July 19, 1922.)

No. 465.

Creditors' suit ⬳27—Debtor indispensable party to suit by simple contract creditors.

To a creditors' suit by simple contract creditors against a corporation alleged to have received assets of the debtor, the debtor is an indispensable party.

In Equity. Suit by the Ozan Lumber Company and another against the Davis Sewing Machine Company. On motion to dismiss bill, granted.

Charles F. Curley, of Wilmington, Del., for plaintiffs.
Robert H. Richards, of Wilmington, Del., for defendant.

MORRIS, District Judge. This is a motion to dismiss a creditors' bill wherein Ozan Lumber Company, an Arkansas corporation, and George T. Priest, a citizen of Missouri, are plaintiffs, and the Davis Sewing Machine Company, a Delaware corporation, the transferee of certain assets of Blue Bird Manufacturing Company, also a Delaware corporation, is defendant. The plaintiffs are simple contract creditors of Blue Bird Manufacturing Company.

The grounds of the motion to dismiss are (1) that plaintiffs have not reduced their claims to judgment; and (2) that the Blue Bird Manufacturing Company is an indispensable party to the cause and has not been joined. The allegations of the bill upon which complainants rely to defeat defendant's motion are that "Davis Sewing Machine Company of Ohio," an Ohio corporation, and "Blue Bird Manufacturing Company," a Delaware corporation, entered into an agreement to form a new company, the defendant, having a capital of approximately $5,000,000, to transfer to the new company all of their respective assets, and to take capital stock of the new company therefore; that, pursuant to the agreement, the defendant company was organized; that the Blue Bird Company transferred to it assets of a value of $2,000,000, and received therefor from the defendant certificates of the capital stock of the latter of approximately the par value of $2,000,000; that the certificates of stock so issued "were and are in truth and fact no consideration at all"; that complainants ought not in equity and justice to be required to seek recourse against the capital stock so issued for the satisfaction of their claims; that complainants, George T. Priest and the Ozan Lumber Company, were

at the time of the transfer and now are creditors of the Blue Bird Company, the former in the sum of $12,500 for legal services, and the latter in the sum of $4,536.47 for goods sold and delivered; that the transaction was in fraud of creditors of the Blue Bird Company; that the defendant participated in the fraud and undertakes to reap the benefits thereof; that the assets of the Blue Bird Company so transferred to the defendant were and are impressed with a trust in favor of the creditors of the Blue Bird Company; that the defendant has, to the value of the assets received by it from the Blue Bird Company, become bound to pay the creditors of the latter; and that the defendant refuses to recognize its obligation and refuses to pay the complainants. The bill prays "that the defendant be ordered to account as to the value and extent of the assets received by it from" the Blue Bird Company, and that the complainants and other creditors of the Blue Bird Company in like circumstances may have judgment against the defendant for the amounts of their respective claims, with interest to the extent of the value of the assets received by the defendant from the Blue Bird Company.

The plaintiffs rely upon Okmulgee Window Glass Co. v. Frink, 260 Fed. 159, 171 C. C. A. 195; Central of Ga. R. R. v. Paul, 93 Fed. 878, 35 C. C. A. 639; Hibernia Ins. Co. v. St. L. & M. O. Co. (C. C.) 13 Fed. 516; Central Imp. Co. v. Cambria Steel Co., 210 Fed. 696, 127 C. C. A. 124; Dancrel v. Goodyear Shoe Machinery Co., 144 Fed. 679, 75 C. C. A. 481; Philadelphia Rubber Works v. U. S. R. Works (D. C.) 276 Fed. 600, 611; and Silver King Coalition Mines Co. v. Silver King C. M. Co., 204 Fed. 166, 122 C. C. A. 402, Ann. Cas. 1918B, 571—to sustain their contention that a direct recovery may be had against the defendant herein. With respect to the nonjoinder of the Blue Bird Company, it is unnecessary to analyze those cases or to consider the matter upon principle, for it has been expressly held in decisions binding upon this court that, under the circumstances here present, the debtor is an indispensable party to a creditors' bill. Swan Land & Cattle Co. v. Frank, 148 U. S. 603, 13 Sup. Ct. 691, 37 L. Ed. 577; Clinton Mining & Mineral Co. v. Cochran (C. C. A. 3), 247 Fed. 449, 159 C. C. A. 503; Elkhart Nat. Bank v. Northwestern Guaranty Loan Co. (C. C. A. 3), 87 Fed. 252, 30 C. C. A. 632. In the Swan Land & Cattle Co. case the defendants, although stockholders of the debtor corporations, were sued, not as stockholders, but as transferees of property to which the complainant alleged it was entitled to resort for the satisfaction of its claim. The damages there sought to be recovered were such that, had the suit been at law, "case" would have been its proper form. In the claims set up in the suit at bar "assumpsit" would have been at law the proper remedy. There is, however, no difference in principle. Scott v. Neely, 140 U. S. 106, 11 Sup. Ct. 712, 35 L. Ed. 358; Cates v. Allen, 149 U. S. 451, 13 Sup. Ct. 883, 977, 37 L. Ed. 804; Hollins v. Brierfield Coal & Iron Co., 150 U. S. 371, 14 Sup. Ct. 127, 37 L. Ed. 1113.

In the Swan Land & Cattle Co. Case both the court below (39 Fed. 456) and the Supreme Court set out at length the reasons making the

debtor corporations not merely necessary, but indispensable, parties, and the latter court said:

"Now, it is too clear to admit of discussion that the various corporations charged with the fraud which has resulted in damage to the complainant are necessary and indispensable parties to any suit to establish the alleged fraud and to determine the damages arising therefrom."

In Clinton Mining & Mineral Co. v. Cochran, supra, wherein the plaintiff was a judgment creditor, the Court of Appeals for this circuit stated the rule thus:

"To such a proceeding as a creditors' bill the corporation itself [the debtor] would appear to be an indispensable party."

In Elkhart Nat. Bank v. Northwestern Guaranty Loan Co. the court, considering the inability of the defendants to make defense to the legal claim of the plaintiffs, not against the defendants, but against a corporation not a party to the suit, said:

"Nor is it an answer to say that the plaintiff must bear the burden of proving its allegations and establishing a case that will justify the decree sought. It might be easy to prove the allegations in the absence of defense, but the question recurs: How can the stockholders defend, standing alone?"

As the bill must be dismissed for the nonjoinder of the Blue Bird Company, I deem it unnecessary now to consider the remaining ground for dismissal assigned in the motion.