OZAN LUMBER CO. et al. v. DAVIS SEWING MACH. CO. et al.

(District Court, D. Delaware. December 6, 1922.)

No. 465.

Corporations ⬡➡591—Bill by simple contract creditor against transferee of assets held insufficient.

In suit by simple contract creditor of a corporation against another corporation, to which the first had transferred all of its assets in exchange for stock, a proposed amended bill, not showing that the transferor was insolvent at the time of the transfer, that the transferee wholly or partly assumed the transferor's debts, or held the assets under an express trust, or that plaintiffs had obtained judgment against the transferor, or that it was impossible to obtain such judgment, *held* insufficient.

In Equity. Suit by the Ozan Lumber Company and another against the Davis Sewing Machine Company and another. On application for leave to amend bill. Motion denied.

See, also, 283 Fed. 436.

Charles F. Curley (of Saulsbury & Curley), of Wilmington, Del., for plaintiffs.

Robert H. Richards, of Wilmington, Del., for defendants.

MORRIS, District Judge. An opinion was filed on October 27, 1922 (284 Fed. 161), sustaining defendants' motion to dismiss an amended bill of complaint. Thereupon, and before the entry of an order in conformity with that opinion, plaintiffs by motion again asked leave of court to amend their bill of complaint, and exhibited therewith the proposed amendment. Hearing upon the motion has been had, and the cases cited in its support have been considered.

The amended bill offered for filing does not allege that the Blue Bird Company was insolvent at the time it transferred its assets to the defendant Sewing Machine Company. It does not show that the defendant Sewing Machine Company assumed in whole or in part the debts of the Blue Bird Company, or that the assets transferred were to be held by the defendant Sewing Machine Company under an express trust for the benefit of the plaintiff. It does not set forth a judgment had in this jurisdiction by the plaintiffs against the Blue Bird Company, nor does it make allegations showing that it is impossible to obtain such a judgment in any court within this jurisdiction. Nation-

⬡➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

al Tube Works Co. v. Ballou, 146 U. S. 517, 13 Sup. Ct. 165, 36 L. Ed. 1070. I think these reasons, without regard to others urged by the defendants, sufficient to show that the proposed amendment does not cure defects found in the amended bill of complaint considered in the opinion of October 27, 1922.

Consequently the motion for leave to amend will be denied, and an order entered in conformity with the opinion hereinbefore referred to.