**OZAN LUMBER CO. et al. v. DAVIS SEWING MACH. CO. et al.**

(Circuit Court of Appeals, Third Circuit. September 1, 1923.)

No. 2996.

**1. Appeal and error ⊚⇒959(1)—Equity ⊚⇒267—Allowing filing of amended bill discretionary.**

Refusal to permit the filing of a proposed amended bill is within the discretion of the court, and reviewable only for an abuse of discretion.

**2. Creditors' suit ⊚⇒39(1)—Bill by simple contract creditor against transferee of assets held insufficient.**

A bill by a simple contract creditor of a corporation against another corporation, to which the first had transferred its assets in exchange for stock, which did not show that the debtor was insolvent at the time of the transfer, that the transferee assumed its debts or held the assets under an express trust, or that complainant had obtained judgment against the transferor, or that it was impossible to obtain such judgment, or that, if obtained, it could not be collected, *held* not to state a cause of action for equitable relief.

Appeal from the District Court of the United States for the District of Delaware; Hugh M. Morris, Judge.

Suit in equity by the Ozan Lumber Company and another against the Davis Sewing Machine Company and another. Complainants appeal from a decree and order of the District Court. Affirmed.

For opinions below, see 284 Fed. 161; 285 Fed. 395. See, also, 283 Fed. 436.

Charles F. Curley, of Wilmington, Del. (George T. Priest, of St. Louis, Mo., of counsel), for appellants.

Robert H. Richards, of Wilmington, Del., for appellees.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge. This is an appeal from the decree of the District Court dismissing the amended bill of complaint in the above-stated cause. The Blue Bird Manufacturing Company, hereinafter called the Blue Bird Company, was indebted to the appellants as simple contract creditors, and while so indebted transferred its assets to the Davis Sewing Machine Company, hereinafter called the Davis Company, and received in payment therefor capital stock of that company. The appellants filed a bill in equity in the District Court against the Davis Company in an effort to reach the assets transferred to it by the Blue Bird Company. The Davis Company moved to dismiss the bill of complaint on the ground, inter alia, that the Blue Bird Company was an indispensable party and had not been joined as defendant. The court entered a decree (283 Fed. 436) providing that the bill would be dismissed unless the complainants within 30 days amended it by making the Blue Bird Company a party defendant.

Accordingly the complainants, on leave of court, filed an amended bill making the Blue Bird Company a party. Thereupon a motion was filed by the Davis Company and the Blue Bird Company to dismiss the amended bill of complaint on the ground that the complainants had not

reduced their claim to judgment against the Blue Bird Company, that the bill of complaint did not disclose an equitable cause of action, and that the averments were insufficient for the relief prayed for. The learned District Judge filed an opinion (284 Fed. 161) on October 27, 1922, dismissing the bill on the ground that it did not disclose an equitable cause of action, because a judgment at law had not been obtained before seeking equitable relief, the bill did not show that the Davis Company was liable for the debts of the Blue Bird Company, and it appeared from the bill that the complainants had a plain, adequate, and complete remedy at law.

On November 11, 1922, before the decree based on the opinion had actually been filed, the complainants moved for leave to file a second amended bill of complaint. After a hearing on this motion, the District Judge filed an opinion and order based thereon (285 Fed. 395) on December 6, 1922, denying it, because the proposed second amended bill which was attached to the motion, did not allege that the Blue Bird Company was insolvent when its assets were transferred to the Davis Company, that the Davis Company had assumed in whole or in part the obligations of the Blue Bird Company, and that a judgment had been obtained or was unobtainable by complainants against the Blue Bird Company. On the same day, December 6, 1922, there was filed an order denying leave to file the proposed second amended bill, and also a decree dismissing the first amended bill of complaint. The complainants appealed from this order and decree.

[1, 2] Whether or not the District Judge would allow the plaintiffs to file the second amended bill of complaint was discretionary. In our opinion, the refusal to do so was not an abuse of discretion, and so is not reviewable in this court. We are in accord with the conclusions reached by the learned judge in his able and carefully prepared opinion (284 Fed. 161) dismissing the first amended bill of complaint, and for the reasons given in that opinion the decree is affirmed.