## CLEVELAND WORSTED MILLS CO. v. CONSOLIDATED TEXTILE CORPORATION.

(Circuit Court of Appeals, Third Circuit.   September 6, 1923.)

No. 2986.

1. **Creditors' suit ⊜⟹27—To suit against a transferee of property to enforce an unliquidated demand against the transferor, the latter is an indispensable party.**

   To a suit against a corporation, to which another corporation has transferred its property and assets, to hold defendant liable for an unliquidated claim for damages against the transferor, the latter is an indispensable party.

2. **Corporations ⊜⟹630(4)—Bill held not to show dissolution of corporation.**

   A bill *held* to allege no facts showing the legal dissolution of a corporation which would prevent complainant from joining it as a party defendant.

Appeal from the District Court of the United States for the District of Delaware; Hugh M. Morris, Judge.

Suit in equity by the Cleveland Worsted Mills Company against the Consolidated Textile Corporation. Decree for defendant, and complainant appeals. Affirmed.

John R. Nicholson, of Wilmington, Del., for appellant.

Robert H. Richards, of Wilmington, Del., for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge. [1] The appellant filed a bill in equity in the District Court to compel the defendant to account for certain property and assets alleged to have been transferred to it by the James N. Williamson & Sons Company, hereinafter called the Williamson Company, and to pay $50,000, which it alleged the Williamson Company owed it. The Williamson Company, the alleged debtor of the appellant, was not made a party defendant, and this appeal is brought to review the action of the District Court in dismissing the bill on that ground.

Appellant alleged that the Williamson Company owed it $50,000 because of a breach of warranty of fastness of color in certain sulphur black cotton yarn which it purchased from that company. The equitable relief sought depends upon the existence of the alleged debt, which has not been established. Whether or not the Williamson Company has a defense, and, if it has, what that defense is, was not disclosed to the District Court. It may be that the damages claimed on account of the alleged breach can be readily established; but it may also be that they cannot, for one of the reasons assigned why the bill should be dismissed was that the claim, whatever its merits originally might have been, was barred by the statute of limitations, both in the states of Delaware and North Carolina, of which the defendant and the Williamson Company are respectively citizens. Before goods may be followed into the hands of a third party, a debt must be established against the transferor. It would violate all rules of equity pleading and practice to pursue and hold the defendant on an unliquidated demand for damages against a company not before the court. Gaylord v. Kelshaw, 68 U. S. (1 Wall.) 81, 17 L. Ed. 612; Swan Land & Cattle Co. v. Frank, 148 U. S. 603, 13 Sup. Ct. 691, 37 L. Ed. 577; Niles-Bement-Pond Co. v. Iron Moulders' Union, etc., 254 U. S. 77, 41 Sup. Ct. 39, 65 L. Ed. 145. Whether or not, therefore, the claim may be established by a suit in equity or at law is not the question, and need not now be decided. All that we are now passing upon is that, before the equitable relief sought may be granted, the alleged debt must be established; but the District Court did not have before it the proper parties defendant to determine that question. American Surety Co. v. Conway (D. C.) 222 Fed. 140; Ozan Lumber Co. v. Davis Sewing Machine Co. (D. C.) 285 Fed. 395.

[2] It is further alleged that the Williamson Company, subsequent to the execution of the contract with complainant, transferred all its capital stock and property to defendant, which in return issued to the stockholders of the Williamson Company certain shares of its capital stock, whereupon the Williamson Company "was practically dissolved" and "became practically merged with the said defendant." Mr. James N. Williamson, at the time of the transfer, gave to defendant his personal bond, wherein he undertook to indemnify it "from any loss from or in consequence of any and all debts of the said *James N. Williamson & Sons Company* and from any suits, claims or demands of any sort or description against the said *James N. Williamson and Sons Company.*" The obligor on the bond is liable for the debts of and claims against the *Williamson Company only.* There has been no legal dissolution of that company, or merger of it with the defendant, so as to relieve the complainant from the necessity of establishing its damages against the Williamson Company, if it desires to proceed in equity against the defendant, obligee. The bill contains no allegations of facts constituting a dissolution or merger, so as to make it unnecessary to include the Williamson Company as a party. Swan Land & Cattle Co. v. Frank, supra; Snead v. Scheble, 175 Fed. 570, 99 C. C. A. 578; Franklinite Co. v. Zinc Co., 13 N. J. Eq. 322; Sewell v. East Cape May Beach Co., 50 N. J. Eq. 717, 25 Atl. 929.

It is argued that the property of the Williamson Company was received by defendant impressed with a trust. But a debt must first be established as a basis on which the trust may rest, and this has not been done. The defendant may not be called upon in equity on the trust theory to pay or account for an unliquidated claim against a third party, which has never been reduced to judgment, without some showing that it was impossible to obtain a judgment. The defendant, so far as the allegations of the bill go, was not a party to the contract or privy to it, and may not be called upon to execute a trust which as yet has no foundation. Until it has been shown that a debt exists, the transfer cannot be said to be fraudulent and a trust cannot arise.

The decree of the District Court is affirmed.